```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
LISA VASQUEZ, *on behalf of herself and on*                    :
*behalf of her infant daughter, J.V.*,                         :
                                                               :      1:22-cv-5986-GHW-JW
                                         Plaintiffs,           :
                                                               :      ORDER
                -against-                                      :
                                                               :
THE REECE SCHOOL,                                              :
                                                               :
                                         Defendant.            :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On January 24, 2024, Magistrate Judge Willis issued a Report and Recommendation ("R&R") recommending that the Court grant in part and deny in part Defendant's 12(b)(6) motion to dismiss.  Dkt. No. 40.  In that R&R, Magistrate Judge Willis determined that Plaintiff's 2 U.S.C. § 1983 claim, 29 U.S.C. § 794 claim, and negligent infliction of emotional distress claim should each be dismissed; and Plaintiff's breach of contract claim should not be dismissed.  *See generally id.*

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

No objection to the R&R was submitted within the fourteen-day window.  The Court has reviewed the R&R for clear error and finds none.  *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt

those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record."). The Court, therefore, accepts and adopts the R&R in its entirety. For the reasons articulated in the R&R, Defendants' motion to dismiss is granted in part and denied in part.

Magistrate Judge Willis's R&R does not make a recommendation regarding leave to amend. In this circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020) ("Under Rule 15(a)(2), leave to amend should be freely given unless there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)). "A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA*, 758 F.3d at 505.

Here, one R&R has already been issued on a prior motion to dismiss. Dkt. No. 21. With the exception of the breach of contact claim, Plaintiff's amended complaint, Dkt. No. 23, has failed to correct the deficiencies identified in the first R&R. *See* Dkt. No. 40. Plaintiff has shown

"repeated failure to cure deficiencies" following her previously allowed amendment, *see Metzler Inv. Gmbh*, 970 F.3d at 148; and she has not identified how further amendment would cure the deficiencies now twice-identified in the two R&Rs dismissing these claims. *See, e.g.*, *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("With respect to the previously pleaded claims, Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*.") (citing *Payne v. Malemathew*, No. 09–CV–1634, 2011 WL 3043920, at *5 (S.D.N.Y. July 22, 2011) ("That Plaintiff was provided notice of his pleading deficiencies and the opportunity to cure them is sufficient ground to deny leave to amend *sua sponte*."); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because "the plaintiffs have had two opportunities to cure the defects in their complaints, . . . [and] plaintiffs have not submitted a proposed amended complaint that would cure these pleading defects"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007); *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (affirming denial of leave to amend "given the previous opportunities to amend"). Accordingly, leave to amend is denied as to the dismissed claims.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 28.

SO ORDERED.

Dated: February 8, 2024
New York, New York

GREGORY H. WOODS
United States District Judge