```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
LISA VASQUEZ, on behalf of herself and on                         :
behalf of her infant daughter, J.V.,                              :
                                                                  :
                                                  Plaintiffs,     :
                          -against-                               :
                                                                  :
THE REECE SCHOOL,                                                 :
                                                  Defendant.      :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/2024

1:22-cv-5986-GHW-JW

ORDER

GREGORY H. WOODS, United States District Judge:

On February 8, 2024, the Court issued an order adopting Magistrate Judge Willis's January 24, 2024 Report and Recommendation ("R&R"), recommending that the Court grant in part and deny in part Defendant's 12(b)(6) motion to dismiss. Dkt. Nos. 40, 41. In that R&R, Magistrate Judge Willis determined that Plaintiffs' 42 U.S.C. § 1983 claim, 29 U.S.C. § 794 claim, and negligent infliction of emotional distress claim should each be dismissed; and Plaintiffs' breach of contract claim should not be dismissed. *See generally* Dkt. No. 40; *see also* Dkt. No. 41 (adopting this recommendation). Leave to amend was denied as to the dismissed claims, so Plaintiffs' 42 U.S.C. § 1983 claim, 29 U.S.C. § 794 claim, and negligent infliction of emotional distress claim were each dismissed with prejudice. *See* Dkt. No. 41.

This dismissal meant that no federal claims remained in the case, and the parties are not diverse. *See generally* Dkt. No. 45. Because Plaintiffs failed to allege facts showing that the Court has either federal question or diversity jurisdiction over this action, Plaintiffs were ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See id.* at 4 (citing Fed. R. Civ. P. 12(h)(3)). The Court noted that, if Plaintiffs failed to show cause for why this action should not be dismissed, the Court expected to dismiss the remaining state law claims in this action without prejudice for lack of subject matter jurisdiction. *See id.* (citing Fed. R. Civ. P. 12(h)(3);

*Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.")).

Plaintiff responded to the order to show cause on May 8, 2024, writing: "Plaintiffs see no basis for this case to remain in Federal Court and therefore will not oppose a dismissal without prejudice giving plaintiffs the opportunity to file a case in State Court." Dkt. No. 46 at 1.

Accordingly, Plaintiffs' remaining state law claims against Defendants are dismissed without prejudice for lack of subject matter jurisdiction; and Plaintiffs' 42 U.S.C. § 1983 claim, 29 U.S.C. § 794 claim, and negligent infliction of emotional distress claim against Defendants are dismissed with prejudice. The Clerk of Court is directed to enter judgment for Defendants and to close this case.

SO ORDERED.

Dated: May 8, 2024
New York, New York

GREGORY H. WOODS
United States District Judge